STEPHEN ZELLER, Bar No. 265664
Email Address: szeller@deconsel.com
CASEY JENSEN, Bar No. 263593
Email Address: cjensen@deconsel.com
members of DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

Attorneys for Plaintiffs, Carpenters Southwest
Administrative Corporation and Board of Trustees
for the Carpenters Southwest Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>LTL SERVICES, also known as LTL SERVICES, INC.; LINDA BUCCELLA an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. BREACH OF SETTLEMENT AGREEMENT - LTL SERVICES, aka LTL SERVICES, INC.;<br><br>2. SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS - LTL SERVICES, aka LTL SERVICES, INC.; and<br><br>3. BREACH OF PERSONAL GUARANTEE - LINDA BUCCELLA, an individual |

**JURISDICTION**

1.   This is a civil action to recover 1) for breach of settlement agreement, 2) specific performance for specific missing reports, and 3) for breach of personal guarantee. This action arises and jurisdiction of the court is founded Labor-Management Relations Act (of 1947) §301, as amended ("LMRA"), 29

///

1 | U.S.C. §185a, and Employee Retirement Income Security Act (of 1974) §§502 and
2 | 515, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

## PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when they have been ascertained.

6. At all relevant times Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund,

the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times employer, LTL SERVICES, also known as LTL SERVICES, INC., and DOES 1 through 5, inclusive, ("EMPLOYER") was a contractor engaged in the construction industry within the jurisdiction of the

1 | relevant UNIONS.

2 |     13.     At all relevant times, LINDA BUCCELLA, an individual; and DOES 6 through 10, inclusive, ("INDIVIDUAL"), was and is an officer and/or owner of EMPLOYER.

**OPERATIVE ALLEGATIONS**

    14.     On or about the date set forth, LTL SERVICES, also known as LTL SERVICES, INC., made, executed and delivered to the UNION, a Memorandum Agreement for Modular Furniture Systems Installation for Southern California and Southern California Conference of Carpenters ("MEMORANDUM AGREEMENT"). A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

    15.     The MEMORANDUM AGREEMENT binds EMPLOYER to the terms and conditions of the Southern California Master Labor Agreement between United General Contractors Association, Inc. and United Brotherhood of Carpenters and Joiners of America, dated July 1, 2002, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT and Master Labor Agreements.

    16.     The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

    17.     EMPLOYER engaged workers who performed services covered by the

AGREEMENTS and who performed labor on works of construction within the jurisdiction of the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

18. The PLANS have complied with all conditions precedent.

19. CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

## FIRST CLAIM FOR RELIEF
## (BREACH OF SETTLEMENT AGREEMENT AS TO
## LTL SERVICES, aka LTL SERVICES, INC.;
## and DOES 1 THROUGH 5 )

20. On or about July 20, 2018, settlement was reached as to EMPLOYER. Pursuant to this settlement, EMPLOYER entered into a written SETTLEMENT AGREEMENT executed on or about August 2018. A true and correct copy of the SETTLEMENT AGREEMENT is attached hereto, marked Exhibit "2" and incorporated herein by reference.

21. By this SETTLEMENT AGREEMENT, EMPLOYER promised it would pay to CSAC the sum of $18,368.89.

22. CSAC's counsel sent an email dated December 12, 2018 and letter dated January 14, 2019 giving the EMPLOYER and notice of its breach of the SETTLEMENT AGREEMENT and demanding payment. True and correct copies are attached hereto, marked Exhibit "3" and incorporated herein by reference.

23. PLAINTIFFS have complied with all conditions on their part to be performed under the terms of the SETTLEMENT AGREEMENT.

24. EMPLOYER has failed to comply with the terms of the SETTLEMENT AGREEMENT.

///
///
///

# SECOND CLAIM FOR RELIEF FOR
# (SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS AS TO LTL SERVICES, aka LTL SERVICES, INC.; and DOES 1 THROUGH 5)

25. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 24 of their First Claim for Relief and allege a Second Claim for Relief against LTL SERVICES, also known as LTL SERVICES, INC.; and 1 through 5, ("EMPLOYER") for Specific Performance for Specific Missing Reports as follows:

26. This action for specific performance arises and jurisdiction of the court is founded on Section 301 of the LMRA (29 U.S.C. §185A) and Section 502 of ERISA, as amended (29 U.S.C. §1132).

27. The AGREEMENTS require EMPLOYER to complete and submit REPORTS stating the amount of contributions owed along with fringe benefit contributions to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid for.

28. EMPLOYER has failed to submit REPORTS and contributions for the following months October 2018 and November 2018.

29. The PLANS have no adequate or speedy remedy at law, as the PLANS are unable to calculate the amount owing.

# THIRD CLAIM FOR RELIEF
# (BREACH OF PERSONAL GUARANTEE AS TO LINDA BUCCELLA, an individual; and DOES 6 THROUGH 10)

30. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 29 of its First and Second Claims for Relief and allege a Third Claim for Relief is asserted as to LINDA

1 | BUCCELLA, an individual; and DOES 6 through 10, ("INDIVIDUAL").

2 |     31. On or about July 20, 2018, settlement was reached as to EMPLOYER. Pursuant to this settlement, INDIVIDUAL entered into a written Personal Guarantee executed on or about August 2018 ("PERSONAL GUARANTEE"). A true and correct copy of the PERSONAL GUARANTEE is attached hereto, marked Exhibit "4" and incorporated herein by reference.

    32. By this PERSONAL GUARANTEE, INDIVIDUAL promised she would pay to CSAC the sum of $18,368.89.

    33. CSAC's counsel sent an email dated December 12, 2018 and letter dated January 14, 2019 giving the EMPLOYER and notice of its breach of the PERSONAL GUARANTEE and demanding payment. True and correct copies are attached hereto, marked Exhibit "3" and incorporated herein by reference.

    34. PLAINTIFFS have complied with all conditions on their part to be performed under the terms of the PERSONAL GUARANTEE.

    35. INDIVIDUAL has failed to comply with the terms of the PERSONAL GUARANTEE.

    WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**
**(BREACH OF SETTLEMENT AGREEMENT AS TO LTL SERVICES, aka LTL SERVICES, INC., and DOES 1 THROUGH 5)**

    1. For unpaid amount owed pursuant to the SETTLEMENT AGREEMENT in the sum of $14,677.81;

    2. For interest, as provided in the SETTLEMENT AGREEMENT, on the unpaid contributions and liquidated damages.

///
///
///
///

## FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF
## (FOR SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS AS TO LTL SERVICES, aka LTL SERVICES, INC., and DOES 1 THROUGH 5)

1. That EMPLOYER be compelled to forthwith submit the REPORTS for the following months along with the appropriate contributions: October 2018 and November 2018.

## FOR PLAINTIFFS' THIRD CLAIM FOR RELIEF
## (BREACH OF PERSONAL GUARANTEE AS TO LINDA BUCCELLA, an individual; and DOES 6 THROUGH 10)

1. For unpaid amount owed pursuant to the PERSONAL GUARANTEE in the sum of $14,677.81;

2. For interest, as provided in the PERSONAL GUARANTEE, on the unpaid contributions and liquidated damages.

## AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: April \_1\_, 2019        DeCARLO & SHANLEY,
                                a Professional Corporation

                                By: _____
                                    STEPHEN ZELLER
                                Attorneys for Plaintiffs,
                                CARPENTERS SOUTHWEST
                                ADMINISTRATIVE CORPORATION
                                and BOARD OF TRUSTEES FOR THE
                                CARPENTERS SOUTHWEST TRUSTS